*578 HEANEY, Circuit Judge.
The district court and the majority have concluded that Mays was immune from suit because he was properly conducting a Terry stop. After reviewing the district court’s findings of fact, it is my view that Mays exceeded the bounds of the Terry stop and that Carroll was arrested. I therefore respectfully dissent.
The district court found that Mays pursued Carroll’s car, stopped him, and ordered Carroll from the ear at gunpoint. Mays and another officer searched Carroll’s car, handcuffed him, and then transported Carroll and his car to the police station. Carroll was then detained at the station for two hours. The district court noted that “the detention of Carroll appears to push the boundaries of a proper investigative stop,” but ultimately concluded that the stop was not unreasonable. Carroll v. Mays, No. 99-1009, slip op. at 5-6 (W.D.Ark. April 18, 2000)
The applicable case law, however, does not support that legal conclusion. A Terry stop can become an arrest depending on its duration and the amount of force that is used. See Dunaway v. New York, 442 U.S. 200, 212, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). See also United States v.. Navarrete-Barron, 192 F.3d 786, 790 (8th Cir.1999) (officers must “employ the least intrusive means of detention and investigation, in terms of scope and duration, that are reasonably necessary to achieve the purpose of the Terry stop.”); United States v. Reinholz, 2001 WL 800560, 8 (8th Cir.2001) (handcuffing and detention in police car constituted an arrest).
Given the circumstances surrounding the stop and the two hour detention at the police station, I cannot agree with the district court, or the majority, that this was permissible as a Terry stop. Further, it is far from clear that Mays had probable cause to detain Carroll. The district court did not reach this issue and the state of the record is inadequate for the majority to assume that there was probable cause. I would therefore reverse and remand for further proceedings.
A true copy.